Linda B. Oliver (SBN 166720)
Email: loliver@reedsmith.com
Eugenia S. Chern (SBN 215092)
Email: echern@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone:   510 763 2000
Facsimile:   510 273 8832

Attorneys for Defendant Protective Life
Insurance Company, successor-in-interest to
Chase Insurance Life and Annuity Company,
formerly known as Federal Kemper Life
Assurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY L. TUTTLE,<br><br>             Plaintiff,<br><br>      vs.<br><br>CHASE INSURANCE LIFE AND ANNUITY COMPANY, FEDERAL KEMPER LIFE ASSURANCE CO., SELECTQUOTE INSURANCE SERVICES, and DOES 1-10,<br><br>             Defendants. | Case No. C-07 3637<br><br>**NOTICE OF REMOVAL** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant Protective Life Insurance Company ("Protective Life"), successor-in-interest to Chase Insurance Life and Annuity Company ("Chase Insurance"), formerly known as Federal Kemper Life Assurance Company ("Federal Kemper"), hereby removes the above-entitled civil action from the Superior Court of the State of California, County of San Francisco, where it is now pending as Case No. CGC-07-462165, to the United States District Court

– 1 –
NOTICE OF REMOVAL

for the Northern District of California pursuant to 28 U.S.C. Sections 1332, 1441 and 1446 and alleges as follows:

1. Plaintiff Mary L. Tuttle ("plaintiff") filed the Complaint in this action in the Superior Court of the State of California, County of San Francisco, on or about April 9, 2007. The County of San Francisco is within this judicial district.

2. This action involves a life insurance policy issued by Federal Kemper (later re-named Chase Insurance) and insuring the life of James R. Tuttle ("decedent") in the amount of $100,000.00. (Complaint at ¶ 7). Plaintiff was the named beneficiary under the policy. (*Id.*) After the decedent died on October 12, 2005, plaintiff made a claim to Chase Insurance under the policy. (*Id.* at ¶¶ 8, 9). Chase Insurance denied the claim. (*Id.* at ¶ 10). Plaintiff now brings this action, asserting causes of action for breach of contract, misrepresentation, fraud, emotional distress and unfair business practices against Chase Insurance, Federal Kemper, Selectquote Insurance Services and Protective Life, and a cause of action for breach of covenant of good faith against Chase Insurance, Federal Kemper and Protective Life. (*Id.* at ¶¶ 1-5, 11-39).

3. Protective Life first received notice of this action on or after June 20, 2007, but it has not yet been served with the summons and complaint. Accordingly, thirty days since the date of service has not expired. The complaint was the first pleading, notice, order or other paper from which it could be ascertained that this action is removable.[1]

4. This action is within the original jurisdiction of this Court based on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. Sections 1332 and 1441.

5. The subject matter of the pending action exceeds the sum or value of $75,000.00 in that plaintiff alleges that she is entitled to payment of benefits under the policy of $100,000.00. (Complaint at ¶¶ 7, 15, 20 and page 8, line 2). Plaintiff also alleges bad faith tort damages and exemplary damages in the amount of $7,000,000, as well as general damages, emotional distress

---

[1] According to the Proof of Service of Summons filed on June 26, 2007, defendant Chase Insurance was served on Kathy Smith of CT Corporation, Chase Insurance's agent for service of process, on May 15, 2007. However, there is no employee at CT Corporation by the name of Kathy Smith. Therefore, service on Chase Insurance was invalid.

damages, attorneys' fees, and costs of suit. (Complaint at ¶¶ 16, 20, 21, 26, 29, 30, 36, 39 and page 8, lines 3-8).

6. Plaintiff is a citizen and resident of the County of Siskiyou, State of California. (Complaint at ¶ 1).

7. Federal Kemper Life Insurance Company was renamed Chase Insurance Life and Annuity Company, which was purchased by Protective Life in July 2006. Chase Insurance merged into Protective Life on April 1, 2007.

8. On or about June 20, 2007, plaintiff filed an Amendment to Complaint naming Protective Life as a DOE 1. Protective Life is, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Tennessee with its principal place of business located in the State of Alabama.

9. Protective Life is informed and believes that DOES 2 through 10 are defendants sued under fictitious names and have not as yet been served. For purposes of this Notice of Removal, the citizenship of such fictitiously-named defendants must be disregarded pursuant to 28 U.S.C. Section 1441(a).

10. Plaintiff also names as a defendant Selectquote Insurance Services ("Selectquote"), and alleges that Selectquote is an insurance agency with its principal place of business in California. (Complaint at ¶ 4). Plaintiff asserts causes of action for breach of contract, misrepresentation, fraud, emotional distress and unfair business practices against Selectquote. (Complaint at ¶¶ 11-16, 22-39). For the reasons set forth below, this defendant is fraudulently joined, and therefore, its citizenship must be ignored for the purpose of determining the propriety of removal. *See McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Accordingly, there is complete diversity between plaintiffs and the properly joined defendant Protective Life.

11. A defendant is fraudulently joined and such defendant's presence in the lawsuit is ignored for purposes of determining diversity where no viable cause of action has been stated against it. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067-1068 (9th Cir. 2001) (joinder of travel agent in suit against cruise line for shipboard injuries deemed "fraudulent" for purposes of diversity jurisdiction because, under applicable state law, mere sales talk or "puffing" did not constitute

actionable negligent misrepresentation); *McCabe*, 811 F.2d at 1339 (joinder of local supervisor held sham because state law provides that the supervisor lacks the power to terminate); *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992) (joinder of plant manager sham because state law did not impose vicarious liability unless they owed a personal duty toward plaintiff); *Rose v. Giamatti*, 721 F. Supp. 906, 916-917 (S.D. Ohio 1989) (baseball team fraudulently joined in bias suit where it did not conduct or support the investigation in question).

12. There is no possibility that plaintiff can state a viable cause of action against Selectquote. Plaintiff first asserts a cause of action for breach of contract against Selectquote based on the alleged "failure and refusal of defendants to pay benefits due under the policy." (Complaint at ¶ 15). However, the existence of a contractual relationship is a prerequisite to maintaining a claim for breach of contract. *See Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 981 (9th Cir. 1999) (applying California law). Selectquote was not a party to the policy contract, and therefore, cannot be held liable for breach of contract. *See id.* (agent cannot be held liable for breach of an insurance contract); *Walsh v. West Valley Mission Community College Dist.*, 66 Cal. App. 4th 1532, 1545 (1998).

13. In fact, all of plaintiff's claims relate only to Protective Life, not Selectquote. For instance:

(a) The Third Cause of Action for misrepresentation is based on the allegation that the agent defendants assisted the decedent with completing the application for insurance and "coached decedent on whether his proposed answers offered too much or not enough information" (Complaint at ¶ 24);

(b) The Fourth Cause of Action for fraud is based on the allegation that "[d]efendants' representations in the policy, certificates, booklets, brochures, advertising material and other material that defendants would pay policy benefits even if death occurred within two years of the policy date were false and fraudulent" (Complaint at ¶ 28);

(c) The Fifth Cause of Action for emotional distress[2] is based on the allegation

---

[2] Plaintiff has erroneously labeled her claim for emotional distress as a cause of action in the Complaint. Emotional distress is a claim for damages, not a cause of action.

that defendants "owed a duty to Tuttle to fulfill the promises made to them contained in the policy" and "unjustifiably refused to pay Tuttle's claim" (Complaint at ¶¶ 32-33); and

    (d) The Sixth Cause of Action for unfair business practices incorporates by reference the above-referenced allegations and simply states that "[d]efendants' conduct, as alleged, constitutes a violation of California's Unfair Insurance Practices Act ... in violation of California Business & Professions Code § 17200." (Complaint at ¶¶ 37-38).

  14. All of plaintiff's causes of action are essentially for breach of contract and bad faith failure to pay. Plaintiff cannot attempt to destroy diversity by camouflaging her claims for breach of contract and bad faith failure to pay claims as causes of action for misrepresentation, fraud, emotional distress and unfair business practices against Selectquote. As set forth above, the recovery of benefits under an insurance contract is appropriately sought pursuant to a breach of contract cause of action against the insurer as a party to the contract. *See Walsh*, 66 Cal. App. 4th at 1545; *Ensley*, 174 F.3d at 981. Since plaintiff cannot attempt to seek contractual benefits through a negligence, fraud, emotional distress, or unfair business practices cause of action against non-parties to the subject contract, Selectquote has been fraudulently joined and should be disregarded for purposes of removal.

  15. Furthermore, liability to the insured "for acts or contracts of an insurance agent within the scope of his agency, with a full disclosure of the principal, rests on the company." *Good v. The Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998)(citing *Lippert v. Bailey*, 241 Cal App. 2d 376, 382 (1966)); *see also Kurtz, Richards, Wilson & Co., Inc. v. Insurance Communicators Marketing Corp.*, 12 Cal. App. 4th 1249, 1257 - 1258 (1993) (in a negligence case, "where the agent contracts in the name of the insurer and does not exceed that authority, the insurer is liable, and not the agent"); *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 249 (E.D. Cal. 1992)("it is settled law that an insurance agent acting within the course and scope of his employment cannot be held liable for damages resulting from a negligent failure to insure").

  16. According to the Complaint, plaintiff alleges that Selectquote was "duly licenced [sic] by the State of California as [a] Life Insurance Agent[] and [was] authorized to act on behalf of defendants CHASE INSURANCE LIFE AND ANNUITY, FEDERAL KEMPER LIFE

ASSURANCE CO as company appointment[]." (Complaint at ¶ 4). Plaintiff also asserts that Selectquote represented itself as an "expert[] in acting on behalf of insurance companies for purpose of assisting people in applying for life insurance." (Complaint at ¶ 23). According to the Complaint, "each defendant was the agent or employee of the remaining defendants and that all matters hereafter alleged were performed within the scope and course of such agency or employment." (Complaint at ¶ 6). Since Selectquote was acting within the course and scope of its agency of Protective Life at the time it assisted decedent in completing the policy application, it cannot be held liable for negligence based on these acts and its citizenship must be disregarded for purposes of removal.

17.   Plaintiff also cannot allege a viable cause of action for fraud against Selectquote due to lack of specificity. Federal Rule of Civil Procedure, Rule 9(b) mandates that all averments of fraud be pleaded "with particularity." *See Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-1023 (9th Cir. 2000). Pleading fraud with particularity requires that plaintiff specify the time, place, and specific content of the allegedly fraudulent conduct, and the identities of the parties to the averred fraud. *See Miscellaneous Serv. Workers, Drivers, & Helpers, Teamsters Local #427 v. Philco-Ford Corp.*, 661 F.2d 776, 782 (9th Cir. 1981). Plaintiff's fraud cause of action rests on the assertion that "[d]efendants' representations in the policy, certificates, booklets, brochures, advertising material and other material that defendants would pay policy benefits even if death occurred within two years of the policy date were false and fraudulent." (Complaint at ¶ 28). These allegations are utterly devoid of specificity as to time, place, content of the representations and/or identity of those who made the alleged representations. Accordingly, plaintiff has failed to state a claim for fraud against Selectquote. *See, e.g., Taylor AG Industries v. Pure-Gro*, 54 F.3d 555, 558, 564 (9th Cir. 1995) (dismissing breach of express warranty claim against distributor due to plaintiffs' failure to identify any statements made by the distributor that were inconsistent with or went beyond either the product labels or the Product Guide provided by manufacturer).

18.   In addition, plaintiff also fails to state a viable cause of action for unfair business practices against Selectquote. It is well-settled that a Section 17200 claim cannot be predicated on a violation of California's Unfair Insurance Practices Act (Cal. Ins. Code § 790.03, et seq.). *See*

*Manufacturers Life Insurance Co. v. Sup.Ct.*, 10 Cal. 4th 257, 283-284 (1995) (citing cases); *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1049-1050 (9th Cir 2000). Plaintiff alleges that "[d]efendants' conduct …constitutes a violation of California's Unfair Insurance Practices Act (Insurance Code §790.03) and therefore was an unfair, unlawful or fraudulent business practice in violation of …§17200." (Complaint at ¶ 38). Since plaintiff's 17200 claim is premised on a purported violation of Insurance Code Section 790.03, this cause of action also fails.

19. This civil action is therefore removed to the United States District Court for the Central District of California on the basis of diversity of citizenship to 28 U.S.C. Sections 1332, 1441 and 1446.

20. Attached hereto as Exhibit A are true and correct copies of all pleadings and process filed in this civil action in the Superior Court and served on Protective Life.

A Notice of Filing Removal is concurrently being filed with the Superior Court for the State of California, County of San Francisco, and being served on plaintiff.

DATED: July 13, 2007.

REED SMITH LLP

By /s/ Linda B. Oliver
Linda B. Oliver
Eugenia S. Chern
Attorneys for Defendant Protective Life Insurance Company, successor-in-interest to Chase Insurance Life and Annuity Company, formerly known as Federal Kemper Life Assurance Company

DOCSOAK-9878508.2-ECHERN

```
1  JAMES F. KEMP      (State Bar No. 033868)
   MARTIN ANDREAS     (State Bar No. 164852)
2  428 First Street East
3  P. O. Box 176
   Sonoma, CA 95476
4  Telephone 707 938-2700
5  Fax 707 938-0475

6  Attorneys for Plaintiff, Mary L. Tuttle
```

FILED
San Francisco County Superior Court
APR 0 9 2007
GORDON PARK-LI, Clerk
BY: _____
DEBORAH STEPPE, Deputy Clerk

CASE MANAGEMENT CONFERENCE SET
SEP 0 7 2007 - 9:00 AM
DEPARTMENT 212

SUMMONS ISSUED

IMAGED APR 0 9 2007

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO

MARY L. TUTTLE
        Plaintiff,
vs.

CHASE INSURANCE LIFE AND ANNUITY COMPANY, FEDERAL KEMPER LIFE ASSURANCE CO, SELECTQUOTE INSURANCE SERVICES, and DOES 1-10.
        Defendants.

CASE NO.: CGC-07-46216

**COMPLAINT for DAMAGES**

Plaintiff, MARY L. TUTTLE alleges:

**GENERAL ALLEGATIONS**

1. Plaintiff (hereafter Tuttle) is and was at all relevant times a citizen of the State of California residing in the City of Mount Shasta, County of Siskiyou, State of California.

2. Defendant CHASE INSURANCE LIFE and ANNUITY CO. is and was at all relevant times a corporation incorporated under the laws of the State of Illinois with its home office in the State of Illinois.

Plaintiff's Complaint           1

**Exhibit A**

3. Defendant FEDERAL KEMPER LIFE ASSURANCE CO. is and was at all relevant times a corporation incorporated under the laws of the State of Illinois with its home office in the State of Illinois.

4. Defendants SELECTQUOTE INSURANCE SERVICES and DOES 3-6 (hereafter agent defendants) are and, at all relevant times were, duly licenced by the State of California as Life Insurance Agents and were authorized to act on behalf of defendants CHASE INSURANCE LIFE AND ANNUITY COMPANY, FEDERAL KEMPER LIFE ASSURANCE CO as company appointments. Its principal place of business is and was in San Francisco, California.

5. At all relevant times defendants CHASE INSURANCE LIFE AND ANNUITY COMPANY, FEDERAL KEMPER LIFE ASSURANCE CO and DOES 1-3. were insurance companies duly qualified to conduct insurance business in California (hereafter insurer defendants).

6. Tuttle does not know the true names or capacities of the fictitious defendants. When their true names and capacities have been ascertained, Tuttle will amend this complaint accordingly. Tuttle is informed and believes and on that basis alleges that each defendant was the agent or employee of the remaining defendants and that all matters hereafter alleged were performed within the scope and course of such agency or employment.

7. Effective April 16, 2004, insurer defendants issued Life Insurance Policy No. FK3395030 (the policy) insuring the life of James R. Tuttle in the amount of $100,000.00 naming Tuttle as beneficiary.

8. On October 12, 2005, while the policy was in full force and effect, James F. Tuttle died.

9. Tuttle immediately notified defendants of the death of James R. Tuttle and made claim for policy benefits and complied with the terms and conditions of the policy.

10. On January 19, 2007, defendants declined Tuttle's claim and purported to rescind the policy.

## FIRST CAUSE OF ACTION
(Breach of Contract)

11. Tuttle incorporates each allegation in paragraphs 1 through 10.

12. Tuttle demanded of defendants payment of benefits due Tuttle under the policy but defendants have wrongfully and in breach of the policy refused, and still refuse, to pay Tuttle the benefits to which she is entitled.

13. Defendants further breach their obligations under the policy by failing to conduct a full and complete investigation into the facts and circumstances surrounding the application for the policy and Tuttle's entitlement to policy benefits and researching the law relating to their obligations under the policy and delaying payment of policy benefits.

14. As a result of the failure of defendants to conduct a full and compete investigation and/or research, as alleged, defendants have waived and are estopped from asserting any additional grounds to support their rejection of Tuttle's claim.

15. As a result of the failure and refusal of defendants to pay benefits due under the policy, Tuttle has been damaged in an amount equal to the benefits of the policy, with loss of interest thereon according to law according to proof.

16. Tuttle is informed and believes that defendants' refusal to pay policy benefits was vexation and without reasonable cause. Pursuant California Insurance Code §1619, Tuttle is therefore entitled to reasonable attorney fees incurred in prosecuting this action according to proof.

## SECOND CAUSE OF ACTION
(Breach of Covenant of Good Faith-Insurer Defendants)

17. Tuttle incorporates each allegation in paragraphs 1 through 16.

18. There was, and now is, implied by law in the policy a covenant of good faith and fair dealing by which defendants impliedly covenanted that they would, in good faith and in the exercise of fair dealing, deal with Tuttle fairly and honestly and do nothing to impair, interfere with, hinder, or potentially injure the rights of Tuttle to receive the benefits of the policy. Defendants further

Plaintiff's Complaint                             3

impliedly covenanted to honor the contractual duties of the policy and not to withhold or delay benefit payments unreasonably.

19. Defendants and each of them breached the covenant of good faith and fair dealing by their actions and inactions, including, but not limited to the following:

(a) refusing to recognize and pay Tuttle's claims pursuant to the provisions of the policy with the knowledge that their denial of the claims is contrary to established law and the terms of the policy;

(b) refusing to make an adequate investigation of the relevant facts, established law and terms of the policy before withholding benefits due under the policy;

(c) failing to provide Tuttle with any reasonable or justifiable basis for denying Tuttle's claims in relation to the policy, the facts or applicable law;

(d) unreasonably withholding payments from Tuttle knowing Tuttle's claim for benefits was valid;

(e) denying the claim when defendants had insufficient information within their possession to require such action;

(f) denying the claim without making an adequate investigation of the facts and circumstances surrounding the claims;

(g) failing to provide a reasonable explanation for the basis relied upon for denial of Tuttle's claims;

(h) narrowly interpreting the policy and its application in a manner calculated to deny benefits due to Tuttle under the policy;

(i) arbitrarily choosing underwriting standards without any objective criteria so as to deny claims by post-claim underwriting;

(j) pursuing a pattern and practice and custom of denying claims under life insurance policy if made within two years of the policy date;

(k) Tuttle is informed and believes and thereon alleges that defendants breached

their duty of fair dealing and good faith owed to Tuttle by other acts or omissions presently unknown. Tuttle will seek leave of court to amend this complaint when she discovers the other acts or omissions of said defendants constituting such breach.

20. As a direct and proximate result of the conduct of the defendants, Tuttle has sustained substantial compensable losses, including benefits withheld, economic losses, such as attorney fees, loss of use of money, interest on borrowed money, and has suffered physical and mental and emotional distress and discomfort all to Tuttle's damage in amounts not yet fully ascertained.

21. Defendants' wrongful conduct as herein alleged was done intentionally and was malicious, oppressive and fraudulent; it was intended by defendants to cause injury to Tuttle; it was carried on with a conscious disregard for Tuttle's rights when defendants were aware of the probable consequences of their conduct; it subjected Tuttle to cruel and unjust hardship in conscious disregard of Tuttle's rights; it was such that it would be looked down upon and despised by ordinary decent people. Tuttle is therefore entitled to recover punitive damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
((Misrepresentation)

22. Tuttle incorporates each allegation in paragraphs 1 through 21.

23. The agent defendants advertised the need for and availability of life insurance and, further, that they would be available in a motel in Yreka, California for the purpose of taking applications for life insurance and that they were experts in acting on behalf of insurance companies for purpose of assisting people in applying for life insurance.

24. In response to such advertising, decedent meet with agent defendants and they present him with an application for life insurance and explain to decedent the questions on the application and explain the nature and extent of the information an answer to each question required. Agent defendants than when through each question on the application and coached decedent on whether his proposed answers offered too much or not enough information. Decedent answered each question truthfully and

Plaintiff's Complaint                                  5

honestly and in accorded with the suggestions and instructions of agent defendants.

25. Decedent reposed trust and confidence in the expertise and honesty of agent defendants, and in reasonable reliance thereon, signed and submitted the application for the policy.

26. By reason of the foregoing, Tuttle suffered the damages hereafter alleged.

## FOURTH CAUSE OF ACTION
(Fraud)

27. Tuttle incorporates each allegation in paragraphs 1 through 26.

28. Defendants' representations in the policy, certificates, booklets, brochures, advertising material and other material that defendants would pay policy benefits even if death occurred within two years of the policy date were false and fraudulent. Defendants never intended to do so at the time defendants issued the policy. Tuttle and her husband James R. Tuttle believed those representations and reasonably relied on them in buying the policy and paying premiums.

29. As a direct and proximate result of defendants' wrongful conduct, Tuttle was compelled to engage the services of an attorney and to incur attorney fees in a sum not yet ascertained. As a further and direct proximate result of defendants' wrongful conduct, as herein alleged, Tuttle suffered loss of use of policy benefits defendants should have paid.

30. As a further direct and proximate result of defendants' wrongful conduct, Tuttle sustained emotional and mental distress and anguish and bodily injury all to her damage in a sum not yet ascertained.

## FIFTH CAUSE OF ACTION
(Emotional Distress)

31. Tuttle incorporates by reference the allegations contained in paragraphs 1 through 30.

32. A special relationship existed between Tuttle and defendants. Tuttle reposed trust and confidence in the fidelity of defendants and relied on the good faith and integrity of defendants that they would perform the promises they made in the policy. As a result of Tuttle's confidence, trust and faith in the integrity and fidelity of defendants, Tuttle was justified in relying on the representations of

Plaintiff's Complaint                                         6

defendants and defendants owed a duty to Tuttle to fulfill the promises made to them contained in the policy.

33. Defendants unjustifiably refused to pay Tuttle's claim without reasonable grounds and withheld and continue to withhold policy benefits and otherwise betrayed Tuttle's trust and confidence in defendants' fidelity and integrity.

34. Defendants knew that such betrayal would subject Tuttle to emotional distress and in spite of this knowledge defendants refused to provide Tuttle with the benefits they promised to provide under the policy.

35. By reason of the foregoing, Tuttle has suffered damages as hereafter alleged.

36. As a direct and proximate result of the conduct of the defendants, Tuttle has suffered substantial compensable losses, including benefits withheld, and economic losses, such as attorney fees, loss of use of money, and impairment and diminution of property rights, use, and enjoyment; Tuttle has suffered mental and emotional distress and discomfort; and Tuttle has suffered personal injury including bodily injury and pain and suffering all to Tuttle's damage in amounts not yet fully ascertained.

**SIXTH CAUSE OF ACTION**
(Unfair Business Practice)

37. Tuttle incorporates by reference the allegations contained in paragraphs 1 through 36.

38. Defendants' conduct, as alleged, constitutes a violation of California's Unfair Insurance Practices Act (Insurance Code §790.03) and therefore was an unfair, unlawful or fraudulent business practice in violation of California Business & Professions Code §17200.

39. As a direct and proximate result of such violations, Tuttle has suffered substantial compensable losses, including benefits withheld, loss of use of money, mental and emotional distress and discomfort for which she is entitled to recover damages according to proof..

Plaintiff's Complaint                                7

WHEREFORE, Tuttle prays for judgment against defendants, and each of them, as follows

1. Contract Damages in the sum of $100,000,00;
2. Bad faith tort damages in the sum of $1,000,000.00;
3. Exemplary damages in the sum of $6,000,000.00;
4. Interest according to law and proof;
5. Attorney fees according to law and proof;
6. Cost of suit; and
7. Such other and further relief the Court deems appropriate.

DATED: April 6, 2007.

_____
James F. Kemp
Attorney for Tuttle Mary L. Tuttle

Plaintiff's Complaint                               8

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 1999 Harrison Street, Suite 2400, Oakland, CA 94612-3572. On July 16, 2007, I served the following document(s) by the method indicated below:

## NOTICE OF REMOVAL

☐ by transmitting via facsimile on this date from fax number 510.273.8832 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

James F. Kemp
Martin Andreas
428 First Street East
P. O. Box 176
Sonoma, CA 95476

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 16, 2007, at Oakland, California.

*Marilyn Karczewski* (signature)
Marilyn Karczewski

– 1 –

DOCSOAK-9878788.1-MKARCZEWSKI 7/13/07 2:02 PM