Linda B. Oliver (SBN 166720)
Email: loliver@reedsmith.com
Eugenia S. Chern (SBN 215092)
Email: echern@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone: +1 510 763 2000
Facsimile: +1 510 273 8832

Attorneys for Defendant Protective Life
Insurance Company, successor-in-interest to
Chase Insurance Life and Annuity Company,
formerly known as Federal Kemper Life
Assurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY L. TUTTLE,<br><br>        Plaintiff,<br><br>    vs.<br><br>CHASE INSURANCE LIFE AND ANNUITY COMPANY, FEDERAL KEMPER LIFE ASSURANCE CO., SELECTQUOTE INSURANCE SERVICES, and DOES 1-10,<br><br>        Defendants. | Case No. C 07-03637 MEJ<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED OR FOR MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br>**[F.R.C.P. 12(B)(6), (E)]**<br><br>Date:       August 30, 2007<br>Time:      10:00 a.m.<br>Place:     Courtroom B, 15th Floor<br><br>Honorable Maria-Elena James |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 30, 2007, at 10:00 a.m. or as soon thereafter as counsel may be heard before the Honorable Maria-Elena James, United States Magistrate Judge, in Courtroom B of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, defendant Protective Life Insurance Company, successor-in-interest to Chase Insurance Life and Annuity Company, formerly known as Federal Kemper Life Assurance Company

("Protective Life") will and hereby does move to dismiss plaintiff's Fifth and Sixth Causes of Action as alleged in the Complaint for failure to state a claim upon which relief can be granted. Protective Life further moves to dismiss plaintiff's Fourth Cause of Action for failure to state a claim upon which relief can be granted, or alternatively, for a more definite statement. Protective Life moves on the following grounds:

(1) plaintiff has failed to allege fraud with the requisite specificity, and cannot bring a breach of contract cause of action under the guise of a fraud claim;

(2) plaintiff's emotional distress claim, which is in actuality a breach of fiduciary duty claim, fails because an insurer owes no fiduciary duty to an insured; and

(3) plaintiff cannot state a 17200 claim based on a violation of California Insurance Code Section 790.03.

This Motion is based upon Rules of Civil Procedure 12(b)(6), this Notice of Motion and Motion and the accompanying Memorandum of Points and Authorities, the papers, pleadings and other documents on file in this action, and such other and further oral or documentary evidence as may be presented at or before the hearing.

DATED: July 23, 2007.

REED SMITH LLP

By    /s/ Eugenia S. Chern
    Linda B. Oliver
    Eugenia S. Chern
    Attorneys for Defendant Protective Life Insurance
    Company, successor-in-interest to Chase Insurance
    Life and Annuity Company, formerly known as
    Federal Kemper Life Assurance Company

DOCSOAK-9879182.2-ECHERN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action arises from the alleged denial of plaintiff Mary L. Tuttle's ("plaintiff's") claim for benefits under a life insurance policy insuring James R. Tuttle ("decedent"). According to the Complaint, the decedent was issued life insurance policy number FK3395030 ("the Policy") in the amount of $100,000.00, naming plaintiff as the beneficiary. (Complaint at¶7). Plaintiff submitted a claim under the Policy after the decedent died on October 12, 2005. (*Id.* at¶¶8, 9). Chase Insurance Life and Annuity Company ("Chase Insurance"), formerly named Federal Kemper Life Assurance Company ("Federal Kemper"), denied plaintiff's claim and rescinded the Policy on January 19, 2007. (*Id.* at¶10).

As a result, plaintiff brings this action against Chase Insurance and Federal Kemper, as well as Selectquote Insurance Services, the agency that assisted the decedent in purchasing the subject Policy. Plaintiff also later amended the Complaint to add Protective Life Insurance Company, the successor-in-interest to Chase Insurance, as a defendant. The Complaint sets forth the following claims for relief: (1) breach of contract against all defendants; (2) breach of covenant of good faith against the insurer defendants; (3) misrepresentation; (4) fraud; (5) emotional distress; and (6) unfair business practices under California Business and Professions Code Section 17200.

Protective Life now moves to dismiss plaintiff's claims for fraud, emotional distress and unfair business practices for failure to state a claim on the following grounds: (1) plaintiff has failed to allege fraud with the requisite specificity; (2) plaintiff's emotional distress claim, which appears to be in actuality a breach of fiduciary duty claim, fails because an insurer owes no fiduciary duty to an insured; and (3) plaintiff cannot state a 17200 claim based on a violation of the Insurance Code. Plaintiff cannot set forth sufficient facts to state a cognizable legal theory as to any of these claims because there are no such facts. This case is a simple breach of contract/ bad faith action, and nothing more. For these reasons, plaintiff's Fourth, Fifth and Sixth Causes of Action should be dismissed without leave to amend.

## II. POINTS AND AUTHORITIES

### A. Grounds for Motion To Dismiss.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), a party may bring a motion to dismiss where the plaintiff has failed to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) where a plaintiff's allegations are not "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 533-34 (9th Cir. 1984).

The test is whether the facts pled would support any valid claim entitling plaintiff to relief under any theory. *Bell Atlantic Corp.*, 127 S. Ct. at 1965; *Haddock v. Board of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985); *Bramlett v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not defeat a motion to dismiss. *See Epstein v. Washington Energy Co*., 83 F.3d 1136, 1139 (9th Cir. 1996); *see also Bell Atlantic Corp*. 127 S. Ct. at 1964-65. The court need not accept as true conclusionary allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). As one court has put it, courts need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). In short, on a Rule 12(b)(6) motion to dismiss, the Court must accept as true only allegations of material facts. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998); *see also Schmier v. United States Court of Appeals*, 279 F.3d 817, 820 (9th Cir. 2002); *see also United States v. White*, 893 F. Supp. 1423, 1428 (C.D. Cal. 1995).

### B. Plaintiff Fails To State A Claim For Fraud.

#### 1. Plaintiff's Fraud Claim Should Be Dismissed Because It Does Not Meet The Specificity Requirements Under FRCP 9.

A motion to dismiss under FRCP Rule 12(b)(6) is appropriate and should be granted where the plaintiff fails to meet the specific pleading requirements for fraud. *See Vess v. Ciba-Geigy Corp.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  *USA*, 317 F.3d 1097, 1107-1108 (9th Cir. 2003).  Plaintiff's Fourth Cause of Action for fraud should
2  be dismissed on this basis.
3        Under California law, a fraud claim requires that plaintiff prove: (1) misrepresentation of fact
4  (false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to deceive;
5  (4) reliance; and (5) resulting damage (causation).  *Seeger v. Odell*, 18 Cal. 2d 409, 414 (1941), *see*
6  *also Bank of the West v. Valley Nat'l Bank of Arizona*, 41 F.3d 471, 477 (9th Cir. 1994).  While
7  California substantive law dictates the foregoing substantive elements of the fraud claim, federal
8  procedural law governs the pleading of a fraud claim.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64,
9  78, 92; *see also Sea Hawk Seafoods v. Exxon Corp.*, 484 F. 3d 1098, 1100 (9th Cir. 2007).  Thus,
10 FRCP 9(b) mandates that all averments of fraud be pleaded "with particularity." *See Desaigoudar v.*
11 *Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000) (fraud must be pled "with a high degree of
12 meticulousness").  Pleading fraud with particularity requires that plaintiff specify the time, place,
13 and nature of the allegedly fraudulent conduct, and the identities of the parties to the averred fraud.
14 *See Miscellaneous Serv. Workers, Drivers, & Helpers, Teamsters Local #427 v. Philco-Ford Corp.*,
15 661 F.2d 776, 782 (9th Cir. 1981).
16       This particularity requirement has two components:  First, as stated, the allegations "must
17 identify the time, place, and content of the alleged misrepresentation so that the defendant can
18 identify the statement.  Second, the plaintiff must plead facts explaining why the statement was false
19 when it was made."  *See Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001).
20 The second requirement compels a plaintiff to establish specific, concrete facts demonstrating
21 contemporaneous falsehood; accordingly, plaintiff may not "simply point[] to a defendant's
22 statement, noting that the content of the statement conflicts with the current state of affairs, and then
23 conclude[] that the statement in question was false when made."  *See id.* at 1153.
24       The Ninth Circuit has consistently sustained dismissals for failure to plead fraud with
25 particularity.  *See, e.g., Moore*, 96 F.3d at 1245-46 (upholding summary judgment of a fraud claim
26 because the plaintiff failed to provide examples of the alleged misrepresentations, intent to defraud
27 or reliance, to identify any specific statements or actions that were allegedly fraudulent, or to explain
28 the manner in which the challenged conduct was fraudulent); *Jenkins v. Commonwealth Land Title*

*Ins. Co.*, 95 F.3d 791, 796 (9th Cir. 1996) (affirming dismissal of a fraud claim because it did not allege with particularity the time, place, or nature of the allegedly fraudulent conduct).

Applying these principles compels the conclusion that plaintiff's Fourth Cause of Action cannot proceed as a matter of law. Plaintiff's fraud claim is wholly bereft of any particularities. Specifically, this claim fails to cite the time, place, or manner of any allegedly fraudulent representations or omissions, nor does the claim identify the persons who made the allegedly fraudulent representations or omissions. Rather, in the most vague and conclusory of terms, the Complaint avers that "Defendants' representations in the policy, certificates, booklets, brochures, advertising material and other material that defendants would pay policy benefits even if death occurred within two years of the policy date were false and fraudulent." (Complaint at ¶28). The Complaint goes on to generally allege that "[d]efendants never intended to do so at the time defendants issued the policy," and plaintiff and decedent "believed those representations and reasonably relied on them in buying the policy and paying premiums." (*Id.*)

This is the paltry total of plaintiff's substantive allegations of fraud. Contrary to Ninth Circuit law, these allegations do not state the specific content or nature of the fraud. Nor do they specifically identify the maker of the representation or omission. Instead, plaintiff makes the over-generalized allegation that "defendants" perpetrated the alleged fraud. In fraud cases involving several defendants, the complaint must set forth the role of each defendant in the fraud as each defendant is entitled to be informed of the specific acts or omissions which it must defend. *See Vess*, 317 F.3d at 1106. The Complaint is similarly, fatally deficient with respect to time and falsity. With respect to these matters, plaintiff avers only that "[d]efendants never intended to [pay policy benefits even if death occurred within two years of the policy date] at the time defendants issued the policy." (Complaint at ¶28). This fails the *Smith* standard of showing contemporaneous falsehood and Protective Life's knowledge of such falsehood. The claim should be dismissed.

### 2. Plaintiff's Purported Fraud Claim Is Nothing More Than A Disguised Claim For Breach Of Contract.

The purported fraud claim also fails because it is actually a breach of contract claim. As previously stated, plaintiff alleges that "Defendants' representations in the policy, certificates,

booklets, brochures, advertising material and other material that defendants would pay policy benefits even if death occurred within two years of the policy date were false and fraudulent." (Complaint at ¶28). This alleged fraudulent act, however, amounts to nothing but an allegation that Protective Life[1] breached the policy contract, the remedy for which is a breach of contract claim, not a fraud claim. California courts have explained that a fraud claim is not the remedy for a breach of contract. *See Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004).

The economic loss rule requires "a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise…." *Id.* The rule applies to bar even intentional fraud claims if the plaintiff's injury finds its genesis in a contract and hence is economic. *Id.* As *Robinson Helicopter* explained, if the purported fraud claim is not extraneous of or independent of the contract claim, then the fraud claim will not lie. *See id.* at 988-89.

Here, the fraud claim is neither extraneous nor independent of the contract claim. Indeed, plaintiff's averred injuries are grounded in the contract. Since her alleged injuries are wholly economic, the economic loss rule bars the fraud claim. *See Parkhill v. Minnesota Mut. Life Ins. Co.*, 995 F. Supp. 983, 993 (D. Minn. 1998) (holding that a purported fraud claim was actually a claim for economic damages "flowing from the same operative facts that constitute a claim for breach of contract" and thus the fraud claim was barred by the economic loss rule). Properly understood, this suit is one of contract, namely that plaintiff avers he did not receive the benefit of his bargain. As a dispute regarding a written agreement, contract law, not tort law, is the proper medium to resolve this case.

Plaintiff's claim for fraud should therefore be dismissed. In the event that this claim is not dismissed, Protective Life alternatively requests a more definite statement pursuant to Rule 12(e).

---

[1] References to Protective Life from this point in the brief on are intended to include its predecessor-in-interest Chase Insurance, as well as Federal Kemper.

### C. Plaintiff Cannot Assert A Breach of Fiduciary Duty Claim Under the Guise Of An "Emotional Distress" Claim.

Plaintiff's Fifth Cause of Action likewise fails to state a claim upon which relief may be granted. Plaintiff has labeled this cause of action as a claim for "emotional distress." However, it is clear from the allegations that it is actually a claim for breach of fiduciary duty. Specifically, plaintiff alleges that a "special relationship existed between Tuttle and defendants", plaintiff "reposed trust and confidence in the fidelity of defendants" that "they would perform the promises they made in the policy." (Complaint at ¶32). Plaintiff further alleges that "[d]efendants unjustifiably refused to pay Tuttle's claim … and otherwise betrayed Tuttle's trust and confidence in defendants' fidelity and integrity" and that "such betrayal …subject[ed] Tuttle to emotional distress..." (*Id.* at ¶¶33, 34). A breach of fiduciary duty claim cannot lie against an insurer and therefore warrants dismissal.

It is well-established in California that there is no fiduciary relationship between an insurer and insured. *California Service Station and Auto Repair Assn. v. American Home Assurance Co.*, 62 Cal. App. 4th 1166, 1173 (1998); *Gibson v. Government Employees Ins. Co.*, 162 Cal. App. 3d 441, 448-50 (1984). Although California courts have at times imposed "fiduciary-like" duties upon an insurer due to the nature of the insurance contract, these do not rise to the level of an actual fiduciary duty. *See Progressive West Ins. Co. v. Superior Court*, 135 Cal. App. 4th 263, 277-78 (2005); *Hassard, Bonnington, Roger & Huber v. Home Ins. Co.*, 740 F. Supp. 789, 791-92 (S.D. Cal. 1990); *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150-51 (2001) ("The insurer-insured relationship…is not a true 'fiduciary relationship' in the same sense as the relationship between trustee and beneficiary . . ."). Therefore, under California law there is no independent cause of action against an insurer for breach of fiduciary duty. *See Almon v. State Farm Fire & Casualty Co.*, 724 F. Supp. 765, 766 (S.D. Cal. 1989) ("California law does not recognize an action for breach of fiduciary duty between an insured and an insurer…."). Similarly here, there was no fiduciary duty between plaintiff and Protective Life. Plaintiff was merely a customer of Protective Life.

Plaintiff's Fifth Cause of Action attempts to assert a breach of fiduciary duty against Protective Life. However, applicable law establishes that the insurer owes no such duty to an

insured. Moreover, to the extent that plaintiff's Fifth Cause of Action is based on defendants' unjustifiable refusal to pay benefits under the Policy, plaintiff is again attempting to allege a breach of contract claim under the guise of a different cause of action. For these reasons, plaintiff's Fifth Cause of Action should be dismissed.

**D.    The Complaint Fails To State A Claim For Relief Under Section 17200.**

Similarly, plaintiff fails to state a claim under Business and Professions Code Section 17200. Not only does the Complaint fail to allege any unlawful, unfair, or fraudulent practice committed by Protective Life, but this claim is also barred under the state Supreme Court's holding in *Moradi-Shalal v. Fireman's Fund Insurance Companies,* 46 Cal. 3d 287 (1988).

Section 17200 of the Business and Professions Code establishes three varieties of unfair competition: acts or practices that are unlawful, or unfair, or fraudulent. *Cel Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). When determining whether a practice is "unlawful," Section 17200 "borrows" violations of other laws, and makes them independently actionable under the unfair competition laws (UCL). *Id.* In general, the "unfairness" prong has been used to enjoin deceptive or sharp business practices. *Klein v. Earth Elements, Inc.*, 59 Cal. App. 4th 965, 970 (1997). The standard for determining whether an action is "fraudulent" within the meaning of Section 17200 is simply "whether the public is likely to be deceived." *State Farm Fire & Cas. Co. v. Superior Ct.*, 45 Cal. App. 4th 1093, 1105 (1996).

Plaintiff's Sixth Cause of Action fails to set forth facts upon which her Section 17200 claim is based. Plaintiff simply "incorporates by reference the allegations contained in paragraphs 1 through 36" and alleges that "[d]efendants' conduct, as alleged, constitutes violation of California's Unfair Insurance Practices Act (Insurance Code§790.03) and therefore was unfair, unlawful or fraudulent business practice in violation of California Business & Professions Code§17200." (Complaint at¶37, 38). Plaintiff therefore does not indicate what acts Protective Life has committed in violation of Insurance Code Section 790.03 or Section 17200. First, the Complaint does not set forth a "deceptive or sharp business practice" committed by Protective Life. Second, the Complaint fails to state any action carried out by Protective Life where "the public is likely to be deceived." Third, even though the Complaint alleges a violation of Insurance Code Section 790.03, plaintiff has

– 9 –

1 not alleged what acts committed by Protective Life are in violation of this provision.

2 Moreover, to the extent that plaintiff relies on the Insurance Code, plaintiff's Section 17200 claim is also barred based on the holding in *Moradi-Shalal*. The California Supreme Court held in *Moradi-Shalal* that alleged violations of Insurance Code Section 790.03 do not create a private civil cause of action. 46 Cal. 3d at 295-96. The acts prohibited by Insurance Code Section 790.03 were intended by the Legislature "to be considered unfair practices subject to administrative regulation and discipline and then only if committed with the requisite frequency." *Id.* Courts have consistently held that "the bar on such implied private causes of action, imposed by our decision in *Moradi-Shalal* ... may not be circumvented by recasting the action as one under Business and Professions Code section 17200." *Rubin v. Green*, 4 Cal. 4th 1187, 1201-02 (1993).

In *Safeco Ins. Co. v. Superior Court*, 216 Cal. App. 3d 1491 (1990), plaintiff sued an insurance carrier alleging that the carrier's failure to pay violated Section 790.03 and constituted a Section 17200 violation. The Court of Appeal ordered the Complaint dismissed, holding that *Moradi-Shalal* barred not only plaintiff's Insurance Code claims, but also the Section 17200 claim. *Id.* at 1494. The Court explained, "[section 17200 of] the Business and Professions Code provides no toehold for scaling the barrier of *Moradi-Shalal*.... To permit plaintiff to maintain this action would render *Moradi-Shalal* meaningless." *Id.*

Further, the Courts of Appeal similarly held as such in *Maler v. Superior Court*, 220 Cal. App. 3d 1592 (1990), and *Industrial Indemnity Co. v. Superior Court*, 209 Cal. App. 3d 1093 (1989). Both cases hold that implied private rights of action alleging bad faith claims against insurers, barred by the *Moradi-Shalal* holding, are not resurrected by casting the action as one for relief under Section 17200. *Maler*, 220 Cal. App. 3d at 1598; *Industrial Indemnity Co.*, 209 Cal. App. 3d at 1096. Accordingly, plaintiff's claim for relief under Section 17200 is barred.

### III.  CONCLUSION

The Fourth, Fifth and Sixth Cause of Action of the Complaint are essentially the same breach of contract claim masked as claims for fraud, breach of fiduciary duty and unfair business practices. Plaintiff has failed to state a claim as to these causes of action because: (1) plaintiff's fraud claim does not satisfy the particularity requirements under FRCP 9; (2) Protective Life owes no fiduciary

duty to plaintiff and therefore there can be no breach of fiduciary duty; and (3) a section 17200 claim cannot be premised on a violation of Insurance Code Section 790.03. For these reasons, Protective Life respectfully requests that plaintiff's Fifth and Sixth Causes of Action be dismissed, and plaintiff's Fourth Cause of Action be dismissed, or alternatively, that plaintiff be ordered to make a more definite statement as to her fraud claim so that Protective Life may be adequately informed of plaintiff's allegations.

DATED: July 23, 2007.

REED SMITH LLP

By   /s/ Eugenia S. Chern
   Linda B. Oliver
   Eugenia S. Chern
   Attorneys for Defendant Protective Life Insurance
   Company, successor-in-interest to Chase Insurance
   Life and Annuity Company, formerly known as
   Federal Kemper Life Assurance Company