Linda B. Oliver (SBN 166720)
Email: loliver@reedsmith.com
Eugenia S. Chern (SBN 215092)
Email: echern@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone:   +1 510 763 2000
Facsimile:    +1 510 273 8832

Attorneys for Defendant Protective Life Insurance Company, successor-in-interest to Chase Insurance Life and Annuity Company, formerly known as Federal Kemper Life Assurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY L. TUTTLE,<br><br>         Plaintiff,<br><br>vs.<br><br>CHASE INSURANCE LIFE AND ANNUITY COMPANY, FEDERAL KEMPER LIFE ASSURANCE CO., SELECTQUOTE INSURANCE SERVICES, and DOES 1-10,<br><br>         Defendants. | Case No. C 07-03637 SI<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR FOR MORE DEFINITE STATEMENT**<br><br>Date:    September 21, 2007<br>Time:    9:00 a.m.<br>Place:   Ctrm 10, 19th Floor<br><br>Honorable Susan Illston |

## I. INTRODUCTION

This Court should dismiss Plaintiff's Fourth, Fifth and Sixth Claims for Relief without leave to amend. Plaintiff concedes that dismissal is proper as to the Fourth and Sixth Claims for Relief, for fraud and unfair business practices. Plaintiff's only opposition is to Protective Life's motion to dismiss her Fifth Claim for Relief, which is erroneously labeled as a claim for "emotional distress." Despite plaintiff's attempt to re-plead this claim in her Opposition by asserting that it is in fact a claim for intentional infliction of emotional distress, her efforts fail. Plaintiff still cannot state a

claim because the complaint does not allege outrageous conduct or that plaintiff suffered severe emotional distress and therefore dismissal as to her cause of action for emotional distress is also proper.

## II. ARGUMENT

Plaintiff does not oppose dismissal of her claims for fraud or unfair business practices. Accordingly, the sole remaining issue is whether the claim for "emotional distress" should be dismissed. Plaintiff attempts to clarify in her Opposition that this is a cause of action for intentional infliction of emotional distress. However, no matter how plaintiff attempts to replead and relabel the Fifth Claim for Relief, it still remains that she has failed to state any claim. Therefore, Protective Life's Motion should be granted.

Plaintiff's Fifth Cause of Action for Emotional Distress is premised on the following allegations:

- "A special relationship existed between Tuttle and defendants. Tuttle reposed trust and confidence in the fidelity of defendants and relied on the good faith and integrity of defendants that they would <u>perform the promises they made in the policy</u>. As a result … Tuttle was justified in relying on the representations of defendants and <u>defendants owed a duty to Tuttle to fulfill the promises made them contained in the policy</u>." (Complaint at ¶ 32)(emphasis added).
- "Defendants unjustifiably refused to pay Tuttle's claim without reasonable grounds and withheld and continue to withhold policy benefits and otherwise betrayed Tuttle's trust and confidence in defendants' fidelity and integrity." (Complaint at ¶ 33).
- "Defendants knew that such betrayal would subject Tuttle to emotional distress and in spite of this knowledge defendants <u>refused to provide Tuttle with the benefits they promised to provide under the policy</u>." (Complaint at ¶ 34)(emphasis added).

Plaintiff alleges that as a result of the above, she "has suffered substantial compensable losses, including benefits withheld, and economic losses, such as attorney fees, loss of use of money, and impairment and diminution of property rights, use, and enjoyment; Tuttle has suffered mental and emotional distress and discomfort; and Tuttle has suffered personal injury including bodily injury

and pain and suffering …" (Complaint at ¶¶ 35, 36).

Plaintiff first denies that her Fifth Cause of Action is an attempt to assert a claim for breach of fiduciary duty. Rather, she apparently suggests that there was a breach of the "special relationship" that existed between the insurer and the insured. While she does not use the term "fiduciary," it is clear that she is attempting to allege a fiduciary relationship by referring to the "trust and confidence" that plaintiff "reposed" in the "fidelity of defendants." (Complaint at ¶ 32). It is well-settled that under California law, no such fiduciary relationship exists. *California Service Station and Auto Repair Assn. v. American Home Assurance Co.*, 62 Cal. App. 4th 1166, 1173 (1998); *Gibson v. Government Employees Ins. Co.*, 162 Cal. App. 3d 441, 448-50 (1984).

Even if a "special relationship" exists, as plaintiff alleges, any "special and heightened duties" owed by an insurer are governed solely by the terms of the insurance contract. *See Gibson*, 162 Cal. App. 3d at 449-450; *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150-1151 (2001); *Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Assocs., Inc.*, 115 Cal. App. 4th 1145, 1158 (2004). Since any duties owed by an insurer arise from the contract, breach of these duties are properly addressed via claims for breach of contract or bad faith. *New Plumbing Contractors, Inc. v. Nationwide Mut. Ins. Co.*, 7 Cal. App. 4th 1088, 1096 (1992). This proposition is supported by the cases cited by plaintiff discussing the existence of a "special relationship between insurer and insured." Citing *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 684-685 (1988), *Cates Construction, Inc. v. Talbot Partners*, 21 Cal. 4th 28, 44 (1999), and *Frommoethelydo v. Fire Ins. Exchange*, 42 Cal. 3d 208, 214-215 (1986), plaintiff quotes the state Supreme Court's references to an insurer's duty to its insured, but the Court discusses this duty in the context of the basis for a bad faith claim.

It is clear from the Complaint that any alleged breach of duty by Protective Life arises out of the policy contract. In support of her Fifth Cause of Action, plaintiff alleges that "defendants owed a duty to Tuttle to fulfill the promises made to them contained in the policy," and "defendants unjustifiably refused to pay Tuttle's claim." (Complaint at ¶¶ 32, 33). Any alleged breach of a duty under the policy, as plaintiff has alleged here, is properly addressed via claims for breach of contract and bad faith, not a claim for "breach of special relationship." There is no such cause of action

under California law.  Further, plaintiff has already asserted claims for breach of contract and bad faith in her First and Second Causes of Action.  To the extent that plaintiff is claiming emotional distress damages in connection with her claim for bad faith, she has already done so.  (Complaint at ¶ 20).

Plaintiff alternatively argues that her Fifth Claim for Relief is in fact a claim for intentional infliction of emotional distress.  Even if this assertion is true, plaintiff fails to plead the requisite elements for that claim.  In order to state a claim for intentional infliction of emotional distress, plaintiff must allege:  (1) outrageous conduct by the insurer directed at the insured; (2) the insurer's intent to cause severe emotional distress to the insured thereby (or reckless disregard of the probability that such distress will result; (3) the insured suffering severe or extreme emotional distress; and (4) actual and proximate causation by the insurer's outrageous conduct.  *Fletcher v. Western National Life Ins. Co.*, 10 Cal. App. 3d 376, 394 (1970).

The Complaint must allege facts showing that defendants' conduct was "outrageous" and plaintiff's distress "severe."  Mere conclusions are not enough.  *See Bogard v. Employers Cas. Co.*, 164 Cal. App. 3d 602, 617 (1985) ("Although appellants alleged they suffered severe emotional distress, they failed to set forth any facts which indicate the nature or extent of any mental suffering incurred as a result of [the insurer's] alleged outrageous conduct.  Hence, the trial court did not err in sustaining the demurrer to this count…."); *Schlauch v. Hartford Acc. & Indem. Co.*, 146 Cal. App. 3d 926, 936 (1983) (plaintiff simply asserted that Hartford acted outrageously and with intent to inflict emotional distress. […] If plaintiff is to state a cause of action on amendment of the pleadings he must allege with greater specificity the acts which are "so extreme as to exceed all bounds of that usually tolerated in a civilized community").  Here, plaintiff has not even alleged that Protective Life engaged in <u>outrageous conduct</u> or that plaintiff suffered <u>severe</u> emotional distress.  Indeed, there is a complete absence of allegations that defendants committed any "outrageous conduct."

The Complaint must also allege facts showing the defendant's outrageous conduct was undertaken with the intent to cause plaintiff serious emotional distress. *See Christensen v. Sup. Ct. (Pasadena Crematorium)*, 54 Cal. 3d 868, 903-906 (1991).  Here, the Complaint is also utterly devoid of allegations that defendants "intended to cause serious emotional distress."  Realizing that

– 4 –

– 5 –

her allegations are deficient, plaintiff attempts to re-allege her Fifth Cause of Action by making inflammatory, unsupported allegations in her Opposition.  However, the Court cannot consider "new" facts alleged in plaintiff's opposition papers.  *See Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 (9th Cir. 1998) (such allegations are irrelevant for Rule 12(b)(6) purposes).  Even if plaintiff's new alleged facts (that Chase refused to pay benefits to plaintiff because it discovered that the insured made material misrepresentations on the insurance application) were considered, plaintiff still has not alleged the requisite outrageous conduct.  Accordingly, the allegations contained in plaintiff's Opposition must be disregarded.

No matter which way one reads plaintiff's Fifth Claim for Relief, whether it is for a breach of fiduciary duty, breach of special relationship or intentional infliction of emotion distress, plaintiff has failed to state a claim.

### III.  CONCLUSION

Plaintiff does not oppose dismissal of her Fourth and Sixth Claims for Relief.  Plaintiff's attempt to salvage her Fifth Claim for Relief for emotional distress also fails.  For the foregoing reasons, Protective Life respectfully requests that its Motion to Dismiss plaintiff's claims for fraud, emotional distress and unfair business practices be granted in its entirety without leave to amend.

DATED:  August 17, 2007.

REED SMITH LLP

By      /s/ Eugenia S. Chern
    Linda B. Oliver
    Eugenia S. Chern
    Attorneys for Defendant Protective Life Insurance
    Company, successor-in-interest to Chase Insurance
    Life and Annuity Company, formerly known as
    Federal Kemper Life Assurance Company

DOCSOAK-9881508.2-ECHERN