IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY L. TUTTLE,<br><br>    Plaintiff,<br><br>   v.<br><br>CHASE INSURANCE LIFE AND ANNUITY COMPANY, FEDERAL KEMPER LIFE ASSURANCE CO, SELECTQUOTE INSURANCE SERVICES, and DOES 1-10,<br><br>    Defendants.<br>                                                          / | No. C 07-3637 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

Before the Court is the motion by defendant Protective Life Insurance Company ("Protective Life") to dismiss three of the six causes of action alleged in plaintiff's complaint. Defendant's motion to dismiss is scheduled for a hearing on September 21, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. Having considered the papers submitted, the Court GRANTS defendant's motion to dismiss, and GRANTS plaintiff leave to amend the complaint.

**BACKGROUND**

Plaintiff Mary L. Tuttle is the beneficiary of life insurance policy number FK3395030 insuring the life of her now-deceased husband, James R. Tuttle, in the amount of $100,000. Complaint ¶ 7. The policy was issued by defendant Chase Insurance Life and Annuity Company ("Chase"), formerly named Federal Kemper Life Assurance Company ("Federal Kemper"). *Id.* Defendant Protective Life Insurance Company ("Protective Life") is successor-in-interest to Chase. Notice of Removal ¶ 7.

Defendant issued the policy on or about April 16, 2004. Complaint ¶ 7. Mr. Tuttle died on October 12, 2005 and plaintiff submitted a claim for policy benefits. *Id.* at ¶¶ 8-9. Chase denied plaintiff's claim and rescinded the policy on January 19, 2007. *Id.* at ¶ 10.

Plaintiff filed a complaint in California Superior Court for the County of San Francisco, alleging the following six causes of action: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) misrepresentation, (4) fraud, (5) emotional distress, and (6) unfair business practice. Defendant Progressive Life removed the action to this Court on the basis of diversity jurisdiction.[1]

Defendant Progressive Life now moves to dismiss plaintiff's fourth, fifth, and sixth causes of action. Plaintiff does not oppose the motion with respect to the fourth and sixth causes of action, but does oppose the motion with respect to the fifth cause of action for emotional distress.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir.1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request

---

[1] In its notice of removal Progressive Life alleged that plaintiff fraudulently joined defendant Selectquote Insurance Services ("Selectquote"). Notice of Removal ¶ 10. On September 10, 2007, plaintiff voluntarily dismissed her claim against Selectquote.

2

to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

Defendant moves to dismiss plaintiff's fifth cause of action for "emotional distress." It is unclear from the complaint whether plaintiff is alleging the tort of *intentional* infliction of emotional distress or the separate tort of *negligent* infliction of emotional distress. *See* Complaint ¶¶ 31-36. Plaintiff's opposition suggests that she is attempting to plead both causes of action.

**I.    Intentional Infliction of Emotional Distress**

To state a claim for intentional infliction of emotional distress, plaintiff must allege facts showing:

> (1) *outrageous conduct* by the defendant; (2) the defendant's *intention* of causing or *reckless disregard* of the probability of causing emotional distress; (3) the plaintiff's suffering of *severe or extreme* emotional distress; and (4) actual and *proximate causation* of the emotional distress by the defendant's outrageous conduct.

*Fletcher v. W. Nat'l Life Ins. Co.*, 10 Cal. App. 3d 376, 394 (1970) (emphasis added) (internal citations omitted). Plaintiff must plead (and eventually prove, if she is to recover) acts by the defendant directed at the plaintiff that are "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Schlauch v. Hartford Acc. & Indem. Co.*, 146 Cal. App. 3d 926, 936 (1983); *Ricard v. Pacific Indem. Co.*, 132 Cal. App. 3d 886, 894 (1982). To plead "outrageous" behavior, plaintiff must allege facts showing that defendant (1) abused its position of power so as to damage her interests, (2) knew plaintiff was susceptible to injury through mental distress, or (3) acted intentionally or unreasonably knowing the acts were likely to cause plaintiff illness through mental distress. *See Molko v. Holy Spirit Ass'n for Unification of World Christianity*, 46 Cal. 3d 1092 (1988), *superceded by statute on other grounds as recognized in Aguilar v. Atlantic Richfield Co.*, 25 Cal. 4th 826, 854 n.19 (2001).

Plaintiff must also plead facts showing outrageous conduct was directed at plaintiff with *intent* to cause severe emotional distress, or with "reckless disregard of the probability of causing" such

3

1  distress. *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991).  Finally, plaintiff must plead facts
2  showing her emotional distress was "severe," meaning it was "substantial or enduring" rather than
3  "trivial or transitory," or that it was "of such substantial quantity or enduring quality that no reasonable
4  [person] in a civilized society should be expected to endure it." *Fletcher*, 10 Cal. App. 3d at 397.

5        Here, plaintiff has alleged that: (1) a "special relationship" existed between her and defendants
6  that justified her "trust and confidence in the fidelity of defendants," (2) defendants "unjustifiably
7  refused to pay plaintiff's claim," (3) defendants "knew" their conduct would subject plaintiff to
8  emotional distress, and (4) plaintiff has suffered damages including "mental and emotional distress and
9  discomfort" and "personal injury including bodily injury and pain and suffering."  In her opposition to
10 the motion to dismiss, plaintiff contends that defendant Chase told plaintiff her claim had been denied
11 because her husband had "lied" (presumably on his insurance application), and that such an explanation
12 amounts to a "shameful, uncivilized, way to treat a widow," which is "outrageous."

13       Defendant argues that plaintiff's allegations are conclusory and insufficient.  The Court agrees.
14 Plaintiff has not pleaded facts that meet the elements of a claim for intentional infliction of emotional
15 distress.  *See Bogard v. Employer Cas. Co.*, 164 Cal. App. 3d 602, 617 (1985) ("Although appellants
16 alleged they suffered severe emotional distress, they failed to set forth any facts which indicate the
17 nature or extent of mental suffering incurred as a result of [the insurer's] alleged outrageous conduct.").
18 In her amended complaint plaintiff must allege facts that show the defendant's outrageous conduct and
19 intent, her own severe emotional distress, and proximate cause.

21 **II.  Negligent Infliction of Emotional Distress**

22       An alternative cause of action may be available for negligent infliction of emotional distress.
23 *See* Hon. H. Walter Croskey *et al.*, *Insurance Litigation* § 11:96 (Rutter Group ed., 2006).  It is "entirely
24 different" than the tort of intentional infliction of emotional distress.  *Ochoa v. Superior Court*, 39 Cal.
25 3d 159, 165 n.5 (1985).  It is simply part of the law of negligence, and the usual negligence elements
26 of duty, breach, damages, and causation apply.  *See Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072
27 (1992).  To recover as a "direct victim" of negligent infliction of emotional distress, plaintiff must show
28 that any emotional distress unaccompanied by physical injury is "serious."  *Id.* at 1073.

4

Here, plaintiff has alleged the existence of a "special relationship" between defendant and plaintiff that carries with it fiduciary-like duties. Complaint ¶ 32. Defendant has made much of this allegation, attempting to re-characterize plaintiff's cause of action as one for breach of fiduciary duty, and arguing that no such cause of action exists in the insurance context. Plaintiff contends she has not alleged breach of fiduciary duty, but rather that she has alleged only that a "special" relationship exists, and that defendant's conduct is "outrageous" in that context. While the Court agrees that the relationship between an insurer and an insured may not be one of an actual fiduciary, the Court finds that "special and heightened implied duties of good faith are imposed on insurers and made enforceable in tort" and that these special duties are "akin to, and often resemble, duties which are also owed by fiduciaries" because of the "unique nature of the insurance contract." *Progressive West Insurance Co. v. Superior Court*, 135 Cal. App. 4th 263, 277 (2006); *see also Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150-51 (2001) ("The insurer-insured relationship, however, is not a true 'fiduciary relationship' in the same sense as the relationship between a trustee and beneficiary, or attorney and client."). While pleading the existence of the special duty unique to insurance contracts satisfies plaintiff's burden with respect to the first element of a negligence claim, her complaint does not plead facts showing breach, severe emotional distress, or proximate cause.

If plaintiff chooses to amend the complaint, plaintiff must be more clear regarding the precise nature of the emotional distress claim, and she must provide greater factual detail in support of the elements of each cause of action.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES plaintiff's fourth and sixth causes of action without leave to amend, and DISMISSES plaintiff's fifth cause of action with leave to amend. (Docket Nos. 7, 12.) Plaintiff must file an amended complaint on or before **September 28, 2007.**

**IT IS SO ORDERED.**

Dated: September ___, 2007

1
2
    _____
    SUSAN ILLSTON
    United States District Judge

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California