1  JAMES F. KEMP    (State Bar No. 033868)
   MARTIN ANDREAS   (State Bar No. 164852)
2  428 First Street East
3  P. O. Box 176
   Sonoma, CA 95476
4  Telephone 707 938-2700
   Fax 707 938-0475
5

6  Attorneys for Plaintiff, Mary L. Tuttle

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY L. TUTTLE<br>           Plaintiff,<br>     vs.<br><br>CHASE INSURANCE LIFE AND ANNUITY COMPANY, FEDERAL KEMPER LIFE ASSURANCE CO, SELECTQUOTE INSURANCE SERVICES, and DOES 1-10 .<br>           Defendants. | CASE NO.: C 07-3637 SI<br><br>**FIRST AMENDED COMPLAINT for DAMAGES** |

Comes now plaintiff, MARY L. TUTTLE and, pursuant to this court's order filed September 20, 2007, amends her complaint by 1) deleting the allegations of the Fourth and Sixth Causes of Action which said order dismissed, adding to the Fifth Cause of Action additional allegations relating to defendants' outrageous conduct and the sever emotional distress it caused plaintiff, and renumbering paragraphs to preserve sequential order.

\

First Amended  Complaint                                   1

**GENERAL ALLEGATIONS**

1. Plaintiff (hereafter Tuttle) is and was at all relevant times a citizen of the State of California residing in the City of Mount Shasta, County of Siskiyou, State of California.

2. Defendant CHASE INSURANCE LIFE and ANNUITY CO. is and was at all relevant times a corporation incorporated under the laws of the State of Illinois with its home office in the State of Illinois.

3. Defendant FEDERA KEMPER LIFE ASSURANCE CO. is and was at all relevant times a corporation incorporated under the laws of the State of Illinois with its home office in the State of Illinois.

4. Defendants SELECTQUOTE INSURANCE SERVICES and DOES 3-6 (hereafter agent defendants) are and, at all relevant times were, duly licenced by the State of California as Life Insurance Agents and were authorized to act on behalf of defendants CHASE INSURANCE LIFE AND ANNUITY COMPANY, FEDERAL KEMPER LIFE ASSURANCE CO as company appointments. Its principal place of business is and was in San Francisco, California.

5. At all relevant times defendants CHASE INSURANCE LIFE AND ANNUITY COMPANY, FEDERAL KEMPER LIFE ASSURANCE CO and DOES 1-3. were insurance companies duly qualified to conduct insurance business in California (hereafter insurer defendants).

6. Tuttle does not know the true names or capacities of the fictitious defendants. When their true names and capacities have been ascertained, Tuttle will amend this complaint accordingly. Tuttle is informed and believes and on that basis alleges that each defendant was the agent or employee of the remaining defendants and that all matters hereafter alleged were performed within the scope and course of such agency or employment.

7. Effective April 16, 2004, insurer defendants issued Life Insurance Policy No. FK3395030 (the policy) insuring the life of James R. Tuttle in the amount of $100,000.00 naming Tuttle as beneficiary.

8. On October 12, 2005, while the policy was in full force and effect, James F. Tuttle

died.

9. Tuttle immediately notified defendants of the death of James R. Tuttle and made claim for policy benefits and complied with the terms and conditions of the policy.

10. On January 19, 2007, defendants declined Tuttle's claim and purported to rescind the policy.

## FIRST CAUSE OF ACTION
(Breach of Contract)

11. Tuttle incorporates each allegation in paragraphs 1 through 10.

12. Tuttle demanded of defendants payment of benefits due Tuttle under the policy but defendants have wrongfully and in breach of the policy refused, and still refuse, to pay Tuttle the benefits to which she is entitled.

13. Defendants further breach their obligations under the policy by failing to conduct a full and complete investigation into the facts and circumstances surrounding the application for the policy and Tuttle's entitlement to policy benefits and researching the law relating to their obligations under the policy and delaying payment of policy benefits.

14. As a result of the failure of defendants to conduct a full and compete investigation and/or research, as alleged, defendants have waived and are estopped from asserting any additional grounds to support their rejection of Tuttle's claim.

15. As a result of the failure and refusal of defendants to pay benefits due under the policy, Tuttle has been damaged in an amount equal to the benefits of the policy, with loss of interest thereon according to law according to proof.

16. Tuttle is informed and believes that defendants' refusal to pay policy benefits was vexation and without reasonable cause. Pursuant California Insurance Code §1619, Tuttle is therefore entitled to reasonable attorney fees incurred in prosecuting this action according to proof.

**SECOND CAUSE OF ACTION**
(Breach of Covenant of Good Faith-Insurer Defendants)

17.   Tuttle incorporates each allegation in paragraphs 1 through 16.

18.   There was, and now is, implied by law in the policy a covenant of good faith and fair dealing by which defendants impliedly covenanted that they would, in good faith and in the exercise of fair dealing, deal with Tuttle fairly and honestly and do nothing to impair, interfere with, hinder, or potentially injure the rights of Tuttle to receive the benefits of the policy.  Defendants further impliedly covenanted to honor the contractual duties of the policy and not to withhold or delay benefit payments unreasonably.

19.   Defendants and each of them breached the covenant of good faith and fair dealing by their actions and inactions, including, but not limited to the following:

  (a)   refusing to recognize and pay Tuttle's claims pursuant to the provisions of the policy with the knowledge that their denial of the claims is contrary to established law and the terms of the policy;

  (b)   refusing to make an adequate investigation of the relevant facts, established law and terms of the policy before withholding benefits due under the policy;

  (c)   failing to provide Tuttle with any reasonable or justifiable basis for denying Tuttle's claims in relation to the policy, the facts or applicable law;

  (d)   unreasonably withholding payments from Tuttle knowing Tuttle's claim for benefits was valid;

  (e)   denying the claim when defendants had insufficient information within their possession to require such action;

  (f)   denying the claim without making an adequate investigation of the facts and circumstances surrounding the claims;

  (g)   failing to provide a reasonable explanation for the basis relied upon for denial of Tuttle's claims;

  (h)   narrowly interpreting the policy and its application in a manner calculated to

deny benefits due to Tuttle under the policy;

    (i)    arbitrarily choosing underwriting standards without any objective criteria so as to deny claims by post-claim underwriting;

    (j)    pursuing a pattern and practice and custom of denying claims under life insurance policy if made within two years of the policy date;

    (k)    Tuttle is informed and believes and thereon alleges that defendants breached their duty of fair dealing and good faith owed to Tuttle by other acts or omissions presently unknown. Tuttle will seek leave of court to amend this complaint when she discovers the other acts or omissions of said defendants constituting such breach.

20. As a direct and proximate result of the conduct of the defendants, Tuttle has sustained substantial compensable losses, including benefits withheld, economic losses, such as attorney fees, loss of use of money, interest on borrowed money, and has suffered physical and mental and emotional distress and discomfort all to Tuttle's damage in amounts not yet fully ascertained.

21. Defendants' wrongful conduct as herein alleged was done intentionally and was malicious, oppressive and fraudulent; it was intended by defendants to cause injury to Tuttle; it was carried on with a conscious disregard for Tuttle's rights when defendants were aware of the probable consequences of their conduct; it subjected Tuttle to cruel and unjust hardship in conscious disregard of Tuttle's rights; it was such that it would be looked down upon and despised by ordinary decent people. Tuttle is therefore entitled to recover punitive damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
((Misrepresentation)

22. Tuttle incorporates each allegation in paragraphs 1 through 21..

23. The agent defendants advertised the need for and availability of life insurance and, further, that they would be available in a motel in Yreka, California for the purpose of taking applications for life insurance and that they were experts in acting on behalf of insurance companies for

1  purpose of assisting people in applying for life insurance.

2      24.    In response to such advertising, decedent meet with agent defendants and they present
3  him with an application for life insurance and explain to decedent the questions on the application and
4  explain the nature and extent of the information an answer to each question required.  Agent defendants
5  than when through each question on the application and coached decedent on whether his proposed
6  answers offered too much or not enough information.  Decedent answered each question truthfully and
7  honestly and in accorded with the suggestions and instructions of agent defendants.

8      25.    Decedent reposed trust and confidence in the expertise and honesty of agent defendants,
9  and in reasonable reliance thereon, signed and submitted the application for the policy.

10      26.    By reason of the foregoing, Tuttle suffered the damages hereafter alleged.

**FOURTH CAUSE OF ACTION**
(Fraud)

27.  This Court dismissed this cause of action by Order filed September 20, 2007.

**FIFTH CAUSE OF ACTION**
(Intentional and Negligent Infliction of Emotional Distress)

28.  Tuttle incorporates by reference the allegations contained in paragraphs 1 through 26.

29.  A special relationship existed between Tuttle and defendants.  Tuttle reposed trust and confidence in the fidelity of defendants and relied on the good faith and integrity of defendants that they would perform the promises they made in the policy.  As a result of Tuttle's confidence, trust and faith in the integrity and fidelity of defendants, Tuttle was justified in relying on the representations of defendants and defendants owed a duty to Tuttle to fulfill the promises made to them contained in the policy.

30.  Defendants unjustifiably refused to pay Tuttle's claim without reasonable grounds and withheld and continue to withhold policy benefits and otherwise betrayed Tuttle's trust and confidence in defendants' fidelity and integrity.

First Amended Complaint                                     6

31. Defendants knew that such betrayal would subject Tuttle to emotional distress and in spite of this knowledge defendants refused to provide Tuttle with the benefits they promised to provide under the policy in a manner certain to inflict such emotional distress as hereafter alleged.

32. After Tuttle advised Chase of the death of her husband just a few days after his death, Chase demanded that Tuttle comply with long and arduous requirements each step of which was unnecessary and thereby put Tuttle in a state of confusion and helplessness to such an extent that she had to seek the advice and assistance of an attorney to help her comply with all of the steps, questionnaires, and other unnecessary complications Chase demanded that Tuttle comply with before Chase would act on her claim. These demands and requirements caused Tuttle to suffer sever emotional distress and resulted in a delay of action on her claim of over three months.

33. After Tuttle dutifully - submissively - complied with all of Chase's demands, Chase denied her claim without justification or proper cause.

34. Without any basis in law or fact, Chase based its denial of Tuttle's claim on the false charge that her recently deceased husband was guilty of fraud. Chase falsely charged Tuttle's deceased husband with fraud because it claimed that he had failed to disclose in his application for the policy that he had been drinking about a 12-pack of beer a day for forty years and that he had unsuccessfully tried to quit drinking many times. Whether or not Tuttle's deceased husband had consumed alcohol in that amount, or at all, and whether or not he had unsuccessfully tried to quit drinking, the application did not ask for that information. It did not ask if the applicant consumed alcoholic beverages and, if so how much. Nor did the application ask the applicant if he or she had ever tried to quit drinking without success.

35. Although Chase knew full well that the application for the policy did not ask if the applicant consumed alcoholic beverages or had ever unsuccessfully tried to quit drinking, nevertheless Chase accused Tuttle's deceased husband of fraud because he had failed to disclose such information in the application for the policy.

36. As a proximate result of the foregoing, Tuttle suffered severe and deep seated

1  emotional distress and damages as hereafter alleged.

2      37.    Beyond the recent death of her husband, Tuttle was particularly vulnerable to emotional
3  distress because of serious marital problems before his death and because of the fact that before Chase
4  had issued the policy, she and her husband had life insurance that they let lapse because Chase had
5  issued the policy.  Because of Chase's betrayal of the promises it made and because Chase accused
6  her husband of fraud, Tuttle suffered emotional distress to such an extent that she sought therapy for
7  it, was unable to work, was unable to sleep, experienced deep depression, suffered from severe
8  anxiety all of which caused gastrointestinal disorders and expressed themselves through other physical
9  afflictions.

**SIXTH CAUSE OF ACTION**
(Unfair Business Practice)

38.    This Court dismissed this cause of action by Order filed September 20, 2007.

WHEREFORE, Tuttle prays for judgment against defendants, and each of them, as follows:

1.    Contract Damages in the sum of $100,000,00;

2.    Bad faith tort damages in the sum of $1,000,000.00;

3.    Emotional distress damages in the sum of $1,000,000;

3.    Exemplary damages in the sum of $6,000,000.00;

4.    Interest according to law and proof;

5.    Attorney fees according to law and proof;

6.    Cost of suit; and

7.    Such other and further relief the Court deems appropriate.

DATED: September 28, 2007.

_____
James F. Kemp
Attorney for Tuttle Mary L. Tuttle

First Amended Complaint                    8