Linda B. Oliver (SBN 166720)
loliver@reedsmith.com
Eugenia S. Chern (SBN 215092)
echern@reedsmith.com
Jessica M. Perry (SBN 244932)
jperry@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone:   510.763.2000
Facsimile:   510.273.8832

Attorneys for Defendant and Counter-Claimant Protective Life Insurance Company, successor-in-interest to Chase Insurance Life and Annuity Company, formerly known as Federal Kemper Life Assurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY L. TUTTLE,<br><br>             Plaintiff,<br><br>      vs.<br><br>CHASE INSURANCE LIFE AND ANNUITY COMPANY, FEDERAL KEMPER LIFE ASSURANCE CO., SELECTQUOTE INSURANCE SERVICES, and DOES 1-10,<br><br>             Defendants. | Case No. C 07-03637 SI<br><br>**ANSWER OF DEFENDANT AND COUNTER-CLAIMANT PROTECTIVE LIVE INSURANCE COMPANY TO FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>Honorable Susan Illston |

Defendant Protective Life Insurance Company ("Protective Life") successor-in-interest to Chase Insurance Life and Annuity Company, which was formerly known as Federal Kemper Life Assurance Company, hereby answers Plaintiff's First Amended Complaint for Damages (the "Complaint") by admitting, denying, and alleging as follows:

## FIRST DEFENSE –
## ANSWER TO GENERAL ALLEGATIONS

1. Protective Life admits the material allegations set forth in paragraph 1 of the Complaint.

2. Answering paragraph 2 of the Complaint, Protective Life admits that Chase Insurance Life and Annuity Company ("Chase Insurance"), which was merged into Protective Life in 2007, was a corporation incorporated under the laws of the State of Illinois with its home office in the State of Illinois. Except as expressly admitted, Protective Life denies the remaining allegations set forth in this paragraph.

3. Answering paragraph 3 of the Complaint, Protective Life admits that Federal Kemper Life Assurance Company ("Federal Kemper") was a corporation incorporated under the laws of the State of Illinois with its home office in the State of Illinois. Except as expressly admitted, Protective Life denies the remaining allegations set forth in this paragraph.

4. Answering paragraph 4 of the Complaint, Protective Life admits that Selectquote Insurance Services ("SelectQuote") is, and as all relevant times was, duly licensed by the State of California as life insurance agents and was authorized to act on behalf of Chase Insurance and Federal Kemper as company appointments. Protective Life admits that the principal place of business of SelectQuote is and was at all relevant times in San Francisco, California. Protective Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

5. Answering paragraph 5 of the Complaint, Protective Life admits that defendants Chase Insurance and Federal Kemper were insurance companies duly qualified to conduct insurance business in California. Protective Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

6. Protective Life is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6.

7. Answering paragraph 7 of the Complaint, Protective Life admits that Federal Kemper sold the life insurance policy insuring the life of James R. Tuttle ("decedent"), policy number

FK3395030 (the "Policy"), with a face amount of $100,000.00, to decedent. Protective Life further admits that, in the application for the Policy, decedent designated Mary Tuttle ("Tuttle") as the primary beneficiary and that Protective Life issued the Policy in accordance with that designation. Protective Life further admits that the Policy was issued effective April 16, 2004. Except as expressly admitted, Protective Life denies the remaining allegations set forth in this paragraph.

8. Protective Life admits the material allegations set forth in paragraph 8 of the Complaint.

9. Answering paragraph 9 of the Complaint, Protective Life admits that Mary Tuttle notified Chase Insurance of decedent's death on October 24, 2005. Protective Life further admits that Chase Insurance received a claim form from Tuttle on August 21, 2006, which Tuttle signed and dated March 30, 2006. Except as expressly admitted, Protective Life denies the remaining allegations set forth in this paragraph.

10. Protective Life admits that it declined Tuttle's clam and informed her that it was rescinding the Policy. Except as expressly admitted, Protective Life denies the remaining allegations set forth in this paragraph.

## SECOND DEFENSE –
## ANSWER TO FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

11. Answering paragraph 11 of the Complaint, Protective Life incorporates by reference its answers to the allegations set forth in paragraphs 1 through 10 of the Complaint.

12. Answering paragraph 12 of the Complaint, Protective Life admits that Chase Insurance received a claim form from Tuttle on August 21, 2006, which Tuttle signed and dated March 30, 2006. Protective Life further admits that Protective Life declined Tuttle's claim and rescinded the Policy due to material misrepresentations decedent made on his application signed on March 27, 2004 (the "Application") for the Policy. Except as expressly admitted, Protective Life denies the remaining allegations set forth in this paragraph.

13. Protective Life denies each and every allegation set forth in paragraphs 13, 14, 15,

and 16 of the Complaint.

### THIRD DEFENSE –

### ANSWER TO SECOND CAUSE OF ACTION

### BREACH OF COVENANT OF GOOD FAITH-INSURER DEFENDANTS

14. Answering paragraph 17 of the Complaint, Protective Life incorporates by reference its answers to the allegations set forth in paragraphs 1 through 16 of the Complaint.

15. Protective Life admits the material allegations set forth in paragraph 18 of the Complaint.

16. Protective Life denies each and every allegation set forth in paragraphs 19, 20 and 21 of the Complaint.

### FOURTH DEFENSE –

### ANSWER TO THIRD CAUSE OF ACTION

### MISREPRESENTATION

17. Answering paragraph 22 of the Complaint, Protective Life incorporates by reference its answers to the allegations set forth in paragraphs 1 through 21 of the Complaint.

18. Protective Life denies each and every allegation set forth in paragraph 23 of the Complaint.

19. Answering paragraph 24 of the Complaint, Protective Life admits that SelectQuote provided decedent with the Application, which decedent filled out and submitted to Federal Kemper. Except as expressly admitted, Protective Life denies the remaining allegations set forth in this paragraph.

20. Protective Life denies each and every allegation set forth in paragraphs 25 and 26 of the Complaint.

/ / / /

/ / / /

/ / / /

ANSWER OF DEFENDANT PROTECTIVE LIFE INSURANCE COMPANY TO FIRST AMENDED COMPLAINT FOR DAMAGES

## FIFTH DEFENSE –

## ANSWER TO FOURTH CAUSE OF ACTION

## FRAUD

21. Protective Life admits the material allegations set forth in paragraph 27 of the Complaint.

## SIXTH DEFENSE –

## ANSWER TO FIFTH CAUSE OF ACTION

## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

22. Answering paragraph 28 of the Complaint, Protective Life incorporates by reference its answers to the allegations set forth in paragraphs 1 through 27 of the Complaint.

23. Protective Life denies each and every allegation set forth in paragraphs 29, 30, 31, 32, 33, 34, 35, 36 and 37 of the Complaint.

## SEVENTH DEFENSE –

## ANSWER TO SIXTH CAUSE OF ACTION

## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

24. Protective Life admits the material allegations set forth in paragraph 38 of the Complaint.

## EIGHTH DEFENSE

### (Failure to State a Claim for Relief)

25. The Complaint and each purported cause of action therein fail to state a claim against Protective Life on which relief can be granted.

///

///

///

ANSWER OF DEFENDANT PROTECTIVE LIFE INSURANCE COMPANY TO FIRST AMENDED COMPLAINT FOR DAMAGES

## NINTH DEFENSE

### (Genuine Dispute)

26. The Complaint's claim for breach of the covenant of good faith and fair dealing is barred because there exists a genuine issue of law or fact which precludes a finding that Protective Life acted unreasonably given the circumstances.

## TENTH DEFENSE

### (Privilege)

27. Each and every action or statement made by the Protective Life to or with reference to Tuttle was a good faith assertion of its rights and therefore was privileged.

## ELEVENTH DEFENSE

### (Privilege)

28. Each and every action or statement made by Protective Life, to or with reference to Tuttle, was privileged under California Civil Code Section 47.

## TWELFTH DEFENSE

### (Failure to Mitigate)

29. Tuttle has failed and continues to fail to take reasonable steps to mitigate or minimize her alleged damages, if any. Tuttle's recovery, if any, must be reduced accordingly.

## THIRTEENTH DEFENSE

### (Tuttle's Comparative Fault)

30. Some or all of Tuttle's claims are barred because Tuttle failed to exercise ordinary care on her own behalf, which negligence and carelessness was a proximate cause of some portion, up to and including the whole thereof, of injuries and damages complained of in this action and Tuttle's recovery, if any, is barred or reduced accordingly to the principles of comparative fault.

## FOURTEENTH DEFENSE

### (Intervening Cause)

31. The injuries and damages of which Tuttle complains were proximately caused or contributed to by the acts of other persons and/or entities. These acts were an intervening, supervening, and superseding cause of the damages, if any, of which Tuttle alleges she suffered, thereby barring Tuttle from any recovery against Protective Life.

## FIFTEENTH DEFENSE

### (No Intent to Deceive)

32. Tuttle's claims are barred because Protective Life lacked the intent to deceive.

## SIXTEENTH DEFENSE

### (Failure to State a Claim to Attorney's Fees)

33. The Complaint and each purported claim for relief therein fail to state facts sufficient to entitle Tuttle to an award of attorneys' fees.

## SEVENTEENTH DEFENSE

### (Policy Terms, Conditions and Limits to Liability)

34. Plaintiff's claims are banned in whole or in part by the terms, conditions and limits contained in or incorporated by reference, expressly or impliedly, in the policy under which she seeks benefits.

## SEVENTEENTH DEFENSE

### (Rescission)

35. The Complaint, including each purported cause of action therein, is barred because the insurance policy in question was validly rescinded due to material misrepresentations in the

application.

### EIGHTEENTH DEFENSE

**(Concealment)**

36. The Complaint and each cause of action therein are barred by the concealment of known material facts on the application for insurance.

### NINETEENTH DEFENSE

**(Misrepresentation)**

37. The Complaint and each cause of action therein are barred by the misrepresentation of known material facts on the application for insurance.

### TWENTIETH DEFENSE

**(Unclean Hands)**

38. The Complaint and each cause of action therein are barred by the doctrine of unclean hands.

### TWENTY-FIRST DEFENSE

**(Failure to State a Claim for Punitive Damages)**

39. The Complaint and each purported claim therein fail to state a claim for punitive or exemplary damages against Protective Life.

### TWENTY-SECOND DEFENSE

**(Statutory Invalidity)**

40. The law under which Tuttle's claim for punitive damages is made is invalid on its face or as applied to Protective Life pursuant to Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and state Constitution.

### TWENTY-THIRD DEFENSE

### (Equal Protection)

41. The provisions of state law limiting the amount of punitive damages which may be awarded in specified types of cases while allowing unlimited punitive damages for other tortious conduct constitute impermissible discrimination against those subject to unlimited punitive damage awards, such as Protective Life, and in favor of those defendants not subject to unlimited punitive damage awards, in violation of Article IV, Section 2, and the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 7 of the state Constitution.

### TWENTY-FOURTH DEFENSE

### (Due Process)

42. The application of state law regarding punitive or exemplary damages to Protective Life in this case is impermissibly vague, imprecise, and inconsistent, in violation of the rights of defendants guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution and the state Constitution.

### OTHER DEFENSES

43. Protective Life has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available. Protective Life expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

WHEREFORE, defendant Protective Life Insurance Company prays for judgment as follows:

1. That Mary Tuttle take nothing by reason of her First Amended Complaint for Damages on file herein;

///

///

ANSWER OF DEFENDANT PROTECTIVE LIFE INSURANCE COMPANY TO FIRST AMENDED COMPLAINT FOR DAMAGES

2. For costs of suit incurred herein; and

3. For such other and further relief as the Court may deem just and proper.

DATED: October 18, 2007.

REED SMITH LLP

By //s// Linda B. Oliver
Linda B. Oliver
Eugenia S. Chern
Attorneys for Defendant Protective Life Insurance Company, successor-in-interest to Chase Insurance Life and Annuity Company, formerly known as Federal Kemper Life Assurance Company

DOCSOAK-9887966.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 10 –
ANSWER OF DEFENDANT PROTECTIVE LIFE INSURANCE COMPANY TO FIRST AMENDED COMPLAINT FOR DAMAGES